IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LEMONS : | |
|     Plaintiff : | |
| : | CIVIL ACTION |
| v. : | |
| RELIANCE STANDARD : | NO. 05-2378 |
| LIFE INSURANCE CO. et al. : | |
|     Defendant : | |

**MEMORANDUM AND ORDER**

Tucker, J.                                                                                                September ____, 2011

      Presently before this Court is Plaintiff's Motion for Summary Judgment[1], Defendants' Response in Opposition thereto (Doc. 13), and Plaintiff's Reply (Doc. 15).  For the reasons set forth below, the Court denies Plaintiff's Motion.

**I.  BACKGROUND**

      Plaintiff initiated this action against Defendants for allegedly depriving him of benefits to which he was entitled under a long-term disability plan.  Plaintiff brings this claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 101 et seq. ("ERISA"), and specifically under 29 U.S.C.A. § 1132(a)(1)(B).

      The facts giving rise to Plaintiff's Complaint are as follows.  On or about November 28, 1999, Plaintiff was hired by Amerisafe and was continually employed through January 15, 2001. During the course of Plaintiff's employ, Amerisafe maintained a short-term disability benefit plan and a long-term disability benefit plan for the benefit of its employees.[2]  Plaintiff alleges that as

---

    [1]   In an apparent technical or administrative error, Plaintiff's Motion for Summary Judgment does not appear on the docket.

    [2]   The plans are "employee benefit plans" as defined in 29 U.S.C. § 1002.

part of his employment, he was a participant and beneficiary under each of the plans and entitled to benefits under each.  The long-term disability plan was named "Employee Benefit Plan for Employees of Amerisafe Inc." ("Defendant Plan") and is a named defendant in the Complaint.  At all relevant times, Defendant Plan was administered by Reliance Standard Life Insurance Company ("Reliance").

      Plaintiff alleges that prior to October 23, 2000, he experienced and was treated for various medical conditions.  On January 1, 2001, Plaintiff's medical condition left him disabled and unable to return to work.  On January 15, 2001, Plaintiff applied for short-term disability benefits, which Defendants granted.  Plaintiff continued to receive the short-term disability benefits until they were exhausted on April 3, 2001 - the conclusion of the ninety-day benefits period.  Plaintiff alleges that he then timely submitted a timely application for long-term disability benefits under Defendant Plan.  On May 21, 2001, Plaintiff was notified that his application for long-term disability benefits under Defendant Plan was approved effective April 3, 2001.  Plaintiff qualified for and received long-term disability benefits under the Defendant Plan during the period April 2, 2001 through July 2, 2001.

      Plaintiff claims that despite no change in his condition, and without any other reasonable basis under Defendant Plan, Defendant Reliance notified him on December 28, 2001 that his benefits under the Plan were being terminated.  On January 14, 2002, counsel for Plaintiff sent a letter requesting an appeal of Reliance's decision.  By letter dated May 21, 2002, Reliance notified Plaintiff that it was denying Plaintiff's appeal.  Plaintiff avers that the medical records relied on by Reliance contained no evidence that Plaintiff's condition had improved in the time leading up to July 2, 2001.  Ultimately, on July 24, 2002, Reliance denied Plaintiff's administrative appeal.

Plaintiff asserts that Reliance's termination of his long-term disability benefits was an abuse of discretion; Reliance's termination of his long-term disability benefits was arbitrary and capricious and not based on the record before it; that Reliance improperly, unlawfully, and in violation of the terms of the Defendant Plan terminated Plaintiff's long-term disability benefits; and that Reliance breached its fiduciary duty owed to Plaintiff in terminating Plaintiff's benefits under the Defendant Plan.  Plaintiff further asserts that Amerisafe breached its fiduciary duty to Plaintiff by allowing Reliance to terminate Plaintiff's long-term disability benefits under the Plan.  Finally, Plaintiff asserts that Defendant Plan breached its fiduciary duty to Plaintiff by allowing Reliance to terminate Plaintiff's long-term disability benefits under Defendant Plan; and improperly, unlawfully, and in violation of the terms of the Plan terminated Plaintiff's long-term disability benefits to which Plaintiff was entitled.  In his prayer for relief, Plaintiff seeks amounts he would have received under the Defendant Plan had his benefits not been terminated, costs and reasonable attorney fees, and prejudgment interest.

## II.  PROCEDURAL HISTORY

On May 20, 2005, Plaintiff filed a Complaint (Doc. 1).  On July 11, 2005, Defendant filed an Answer (Doc. 3) generally denying the allegations in Plaintiff's Complaint.  On February 17, 2006, Plaintiff filed a Motion for Summary Judgment.  In a letter dated February 17, 2006, Defendants informed Plaintiff that his benefits under the policy were being reinstated.  Defendants also informed Plaintiff that they were unwilling to pay any fees associated with Plaintiff's Complaint.  Additionally, Defendants asked Plaintiff to dismiss the lawsuit based on their voluntary payment of benefits.  On March 3, 2006, Defendants filed Response in Opposition thereto (Doc. 13).  On March 24, 2006, Plaintiff filed a Reply (Doc. 16).  On November 9, 2010,

Plaintiff's counsel informed the Court that Defendant did in fact reinstate Plaintiff's benefits and had paid monthly as promised.  The court now addresses this pending motion.

### III.  LEGAL STANDARD

Summary judgment is appropriate where the movant establishes that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Levy v. Sterling Holding Co., LLC, 544 F.3d 493, 501 (3d Cir. 2008). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no triable issue exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). See also Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the non-moving party to carry its burden of proof. See Celotex, 477 U.S. at 327 (1986).

Once the movant has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Scott v. Harris, 550 U.S. 372, 380 (2007) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Under Rule 56(e), the opponent must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. See Martin v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007). If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). At the summary judgment stage, the court's function is not to weigh the evidence and determine the truth

of the matter, but rather to determine whether there is a genuine issue for trial. See Anderson, 477 U.S. at 249; Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-movant. See Matsushita, 475 U.S. at 587; Horsehead Indus., Inc. v. Paramount Commc'ns, Inc., 258 F.3d 132, 140 (3d Cir. 2001). The court must award summary judgment on all claims unless the non-movant shows through affidavits or admissible evidence that an issue of material fact remains. See, e.g., Love v. Rancocas Hosp., 270 F. Supp. 2d 576, 579 (D.N.J. 2003); Koch Materials Co. v. Shore Slurry Seal, Inc., 205 F. Supp. 2d 324, 330 (D.N.J. 2002).

**IV.  DISCUSSION**

   **A.  Case or Controversy**

For the reasons that follow, the Court finds that Plaintiff's case against Defendant is now moot and Plaintiff's Motion for Summary Judgment must be denied.

In his Motion for Summary Judgment, Plaintiff contends that the parties agree as to the material facts underlying Plaintiff's claims.  Plaintiff further argues that Defendant Reliance Standard acted arbitrarily and capriciously in terminating Plaintiff's long term disability benefits and for this reason, he is entitled to relief under ERISA.  To support this contention, Plaintiff argues that Defendants (1) improperly relied on the opinion of one non-treating physician over the opinions of multiple treating physicians; (2) placed undue emphasis on the need for additional objective evidence and discounted the subjective reports and opinions offered by Plaintiff's treating physicians; (3) improperly concluded that Plaintiff was not disabled because his symptoms predated his claim; (4) terminated Plaintiff's long term benefits without considering whether Plaintiff could perform the material duties of his occupation; and (5) failed to consider

-5-

Plaintiff's award of social security benefits.

Defendant counters that their decision to reinstate Plaintiff's benefits with 6% interest renders moot Plaintiff's motion for summary judgment. In reply, Plaintiff argues that his claims were not rendered moot by Defendant's mere promise to reinstate his benefits when Defendant's had not actually paid anything.

Federal courts have an independent obligation at the threshold to examine whether they have jurisdiction. Lorillard Tobacco Co. v. Bisan Food Corp. 377 F.3d 313, 318 (3d Cir. 2004) (citing Gov't of V.I. v. Hodge, 359 F.3d 312, 317 (3d Cir.2004)). The Third Circuit's mootness analysis "traditionally begins with 'the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.' " Intn'l Bhd. of Boilermakers v. Kelly, 815 F.2d 912, 914 (3d Cir.1987) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)). The existence of a case or controversy, in turn, requires " '(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.' " Id. at 915 (quoting Dow Chem. Co. v. EPA, 605 F.2d 673, 678 (3d Cir. 1979)). "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." In re Surrick, 338 F.3d 224, 230 (3d Cir. 2003). The requirement that a case or controversy be "actual [and] ongoing" extends throughout all stages of federal judicial proceedings, including appellate review. Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 193 (3d Cir. 2001). Thus, it does not matter when the case becomes moot.

Here, the Court finds that the case is now moot.  Plaintiff's opposition to Defendant's argument that there was no longer a case or controversy was based on the fact that at the time the parties submitted their briefs on Plaintiff's Motion for Summary judgment, Defendant had merely *promised* to reinstate Plaintiff's benefits, but had not actually paid anything.  Since that time, Plaintiff's counsel has informed the Court that Defendant did reinstate Plaintiff's long-term disability benefits and has made monthly payments to Plaintiff.  This is the exact relief Plaintiff sought in his Complaint.  Accordingly, Plaintiff's motion for summary judgment must be denied as moot because the reinstatement of Plaintiff's long term disability benefits disposes of his claim.

### B.  Attorneys' Fees and Costs

Plaintiff next requests that the Court should allow him to file a motion for attorneys' fees under ERISA.  For the reasons that follow, the Court denies this request.

Defendants contend that Plaintiff's request for fees under ERISA must be denied because Plaintiff is not a prevailing party.   Though Defendants acknowledge that ERISA provides that fees can be awarded to "either party," Defendants cite several cases that allegedly interpret ERISA's fee award provision to apply only if a party has prevailed.   Defendants insist that although Defendant agreed to reinstate Plaintiff's disability benefits, according to Supreme Court precedent established in Buckhannon Board & Care Home v. West Va. D.H.H.R., 532 U.S. 598, 603-604 (2001), Plaintiff has not prevailed in this matter.   In Buckhannon, the Court held that a party only "prevails" if the court grants at least some of the relief requested in the complaint based on the merits of the claim.  532 U.S. at 603.  Though Buckhannon involves a claim for fees under the the Fair Housing Amendments Act of 1988 and Americans with Disabilities Act of 1990, Defendants rely on Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 444, 454 (4th Cir. 2004)

for the proposition that Buckhannon's holding applies to fee claims under ERISA.  Defendants argue that this Court has not issued any orders or decisions granting any relief to Plaintiff, but instead has dismissed Plaintiff's claims as moot.  Thus, Defendants assert, as Plaintiff has not prevailed, Plaintiff's request for attorneys' fees must be denied.

Plaintiff insists that ERISA does not limit the award of fees to a prevailing party.  To support this contention, Plaintiff notes that the plain language of the statute itself provides that a court has discretion to award attorney's fees to "either party."  29 U.S.C. § 1132(g)(1).  Citing Ursic v. Bethlehem Mines, 719 F.2d 670 (3d Cir. 1983),  Plaintiff argues that, in determining whether to award attorney's fees to either party under ERISA, the district court does not consider whether a party prevailed in the matter, but instead weighs five enumerated factors.  Plaintiff points out that Buckhannon is not instructive in this matter because that case involved a claim under the Fair Housing Amendments Act of 1988 and Americans with Disabilities Act of 1990, statutes whose fee-shifting provisions expressly required prevailing party status for an award of attorney's fees.  Plaintiff further argues that while many federal fee-shifting statutes expressly limit attorney's fees to the prevailing party, ERISA contains no such express limitation.  Therefore, Plaintiff contends, the absence of an express limitation of attorney's fees to a prevailing party in ERISA shows that Congress did not intend for only a prevailing party to be eligible for attorney's fees in an ERISA action.  Finally, Plaintiff contends that Griggs' holding acknowledging its creation of an "implied prevailing-party requirement" to ERISA's fee-shifting provision is contrary to the plain language of the statute itself.  Moreover, Plaintiff argues Griggs is a Fourth Circuit case that cites only Fourth Circuit precedent, none of which are binding on this Court.

In an ERISA action, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. §1132(g)(1).  Before awarding attorney's fees or costs, a district court must consider the following five factors: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position [s]." Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir.1983).  In determining whether to award attorneys' fees under ERISA, the district court is not required to consider whether a party prevailed in the action.  See Tomasko v. Ira H. Weinstock, P.C., 80 Fed. App'x 779, 783 n.1 (3d Cir. 2003) ("ERISA contemplates the award of attorneys fees 'to either party' in the court's discretion, without limiting the award to a prevailing party."); Davis v. Reliance Standard Life Ins. Co., 2010 WL 1948342, at * 2, n.4 (E.D. Pa. May 12, 2010) ("The Fourth Circuit has applied Buckhannon to ERISA cases, but the Third Circuit and other circuits have not mandated that only prevailing parties are entitled to fees.").

It is not necessary that a "party must demonstrate all [five Ursic factors] in order to warrant an award of attorney's fees, but rather they are elements a court must consider in exercising its discretion." Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir.2004). "The Third Circuit considers analysis and consideration of each of these five factors to be mandatory, but allows the district court to consider additional factors if relevant." Davis, 2010 WL 1948342, at * 2 (citing Anthuis v. Colt Industries Operating Corp., 971 F.2d 999, 1012) (internal citations omitted).

The Court finds Davis particularly instructive.  In Davis, the plaintiff, who was employed

as a nurse, purchased short and long term disability insurance from the defendant, an insurance company.  Davis, 2010 WL 1948342, at * 1.  When the plaintiff became totally disabled, she stopped working and filed a claim for disability.  Id.  The defendant approved the claim and began paying disability benefits.  Id.  After several months, however, the defendant discontinued the benefits because it claimed the plaintiff failed to provide necessary medical information.  Id.  The plaintiff initiated an ERISA action against the defendant.   Id.  The parties ultimately settled the case and the plaintiff then moved for attorneys fees and costs.  Davis, 2010 WL 1948342, at *2.  The district court ultimately denied the plaintiff's motion after finding that the Ursic factors did not weigh in the plaintiff's favor.  Davis, 2010 WL 1948342, at *3.  Though the Court found that the defendant had the ability to pay the attorneys' fees, the court determined that the record was insufficient to determine whether Defendant acted in bad faith or determine the relative merits of the parties' positions.  Id.  Because the court could not assess the defendant's culpability, the court also concluded that an award of attorneys' fees would not have the desired deterrent effect.  Id.

      Here, for similar reasons as those explained in Davis, the Court finds that Plaintiff's request for attorneys' fees must be denied.  As an initial matter, the Court expressly rejects Defendants contention that Plaintiff cannot receive attorneys' fees because Plaintiff was not a prevailing party.  As the Court of Appeals explained in Tomasko, the Third Circuit does not require a party to have prevailing party status to obtain an award of attorneys fees in an ERISA action.  In fact, the Court need not address the issue of whether Plaintiff was a prevailing party to determine that his request for attorneys' fees be denied.  Rather, as in Davis, the Court reaches this conclusion after weighing the Ursic factors.

First, the Court finds that the record is insufficient to determine whether Defendant acted with culpability or bad faith when it terminated Plaintiff's long-term disability benefits. Bad faith typically refers to an ulterior motive or a sinister purpose. McPherson v. Employees' Pension Plan of Am. Re–Insurance Co., 33 F.3d 253, 256 (3d Cir.1994). Culpability is "commonly understood to mean conduct that is 'blameable; censurable; ... at fault; involving the breach of a legal duty or the commission of a fault .... Such conduct normally involves something more than simple negligence .... [On the other hand, it] implies that the act or conduct spoken of is reprehensible or wrong, but not that it involves malice or a guilty purpose." Id. at 256–257

Based on the record, which is limited in this instance to the pleadings and the parties' arguments presented with respect to Plaintiff's motion for summary judgment, it appears that there remain issues of material fact with respect to the propriety of Defendants' decision to terminate Plaintiff's benefits. Plaintiff contends that Defendants acted arbitrarily and wrongfully disregarded the medical opinions provided by his treating physicians when they terminated his benefits. Defendants, on the other hand, contend that they terminated Plaintiff's benefits after Plaintiff prevented them from conducting the requisite full and fair review required under ERISA by unreasonably refusing to undergo testing for the functional capacity evaluation. The Court has not resolved these substantive matters because the parties in essence settled Plaintiff's claim when Defendants reinstated Plaintiff's benefits. Accordingly, the Court cannot determine whether Defendants' conduct was culpable or indicative of bad faith. This factor favors Defendants.

Second, for similar reasons, the Court also finds that it is not in a position to determine with sufficient clarity the merits of the parties' positions. The Court has not reached a decision on the merits because Defendants reinstated Plaintiff's benefits, which has rendered Plaintiff's

substantive claims moot.  This factor also favors Defendants.

Third, the Court finds that, given the inability to determine whether Defendant acted in bad faith by denying Plaintiff's benefits, an award of attorneys fees would not have the desired deterrent effect.  See McPherson, 33 F.3d at 258 (citing Kahn v. Keystone Resources, Inc., 575 F. Supp. 1084, 1096–1097 (W.D. Pa.1983) (holding that a fee has a deterrent effect where culpability has been shown and a plan is less likely to deny benefits to other participants.  Thus, this factor also favors Defendants.

Fourth, the Court finds that awarding attorneys' fees in with matter would not benefit other members of Plaintiff's class, as this factor assumes that Defendant has acted in some way to harm Plaintiff's class, which is not present here.  This factor favors Defendants.

Finally, the Court finds that Defendants could satisfy an award of attorneys' fees and costs. This factor favors Plaintiff.

In sum, because only one of the Ursic factors favors Plaintiff, and the remaining four factors favor Defendants, the Court concludes that it would be inappropriate to award attorneys' fees in this matter.  As such, Plaintiff's request to file a motion for attorneys' fees must be denied.

## V.  CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment and request for attorneys' fees is denied.  An appropriate Order follows.